UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL R. PNIEWSKI, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:12-cv-01809-WWE |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
|     Defendant. | : | |

**MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR AMENDMENT OF JUDGMENT**

This action was filed under § 1631(c)(3) of the Social Security Act, 42 U.S.C. § 1383(c)(3), to review a final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits.  Plaintiff Michael Pniewski moved to reverse the Commissioner's decision or, in the alternative, remand for further administrative proceedings, while the Commissioner moved to affirm his decision.  Plaintiff's motion to reverse the decision of the Commissioner was granted in part, and defendant's motion to affirm was denied.

Defendant has moved to amend this Court's March 26, 2014 judgment, which remanded this case for further administrative proceedings based on the ALJ's failure to adequately develop the record with regard to plaintiff's psychiatric treatment.

For purposes of this decision, understanding of the detailed factual background of this case is presumed.  That background is comprehensively outlined in Judge Fitzsimmons' Recommended Ruling of February 20, 2014 [Doc. # 15].

**DISCUSSION**

Defendant has moved for reconsideration pursuant to Rule 59(e) to correct a clear error of law or prevent manifest injustice.  See Manafo v. Metropolitan Transp. Authority, 381 F.3d 99, 105 (2d Cir. 2004).  Defendant argues that (1) the ALJ did not err in failing to obtain records from plaintiff's psychiatrist, (2) plaintiff did not meet his burden to show any prejudice from the absence of records from his psychiatrist, and (3) the absence of records from plaintiff's psychiatrist was not prejudicial to plaintiff's case.

Defendant cites several cases for the proposition that the ALJ did not err by failing to obtain records from plaintiff's treating psychiatrist, Dr. Barbara Orrok.  The Court finds these cases distinguishable from the instant action.

In Drake v. Astrue, the Second Circuit found that the ALJ did not fail to affirmatively develop the record where the SSA requested records from the source in question because the source's failure to send complete records "d[id] not mean that the ALJ did not exercise reasonable efforts to develop the record."  443 Fed. Appx. 653, 656 (2d Cir. 2011).  However, there, the source sent several pages of medical records dating from November and December of 2007, the last of which indicated that the patient was "doing well."  Id.  Despite the existence of additional records from January and February of 2008, the Second Circuit held that "nothing in the record suggests that the ALJ should have know that [the source's] response was incomplete." Id.  In contrast, here, the ALJ should have known that Dr. Orrok's response was incomplete because the ALJ did not receive *any* records from Dr. Orrok.

In Jordan v. Comm'r of Soc. Sec. the Second Circuit held that an ALJ had fulfilled her duty to develop the record where counsel volunteered to secure records from a treating physician

mentioned during the hearing.  142 Fed. Appx. 542, 543 (2d Cir. 2005).  In the instant case, there is no evidence that plaintiff's counsel similarly volunteered to obtain records from Dr. Orrok.

Finally, in Santiago v. Astrue the Second Circuit found that the ALJ had fulfilled his duty where plaintiff's counsel had indicated that there were no further records needed for consideration, but that determination was based on the finding that the missing evidence was insignificant.  2011 WL 4460206 at *2 (D. Conn. Sept. 27, 2011).  Here, the Court finds that the missing record is significant.

Defendant argues that "[a]lthough an ALJ has an affirmative duty to develop the administrative record even when a claimant is represented by counsel, where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim."  Lowry v. Astrue, 474 F. App'x 801, 804 (2d Cir. 2012).

Here, there was an obvious gap in the administrative record, and the ALJ did not possess a complete medical history, as the ALJ lacked plaintiff's psychiatric records.  The Consultative Examiner specifically states in his report that plaintiff "is going to seek out further consultation with a psychiatrist that he has seen before[,] Dr. Barbara Orrok." (Tr. 277).  Moreover, the Disability Determination Explanation also notes that plaintiff "said he was [diagnosed] and [occasionally] sees Barbara Orrok in New Haven for [Obsessive Compulsive Disorder] and [presciption] – which his [primary care physician] refills.  I requested [medical evidence of record] today and sent [mental status questionnaire] to [plaintiff]." (Tr.62).

Not only did the ALJ not possess a complete medical history, but also, she was apparently unaware that plaintiff's medical history was incomplete.  The Court agrees that plaintiff was

3

prejudiced by the ALJ's determination because evidence of plaintiff's psychiatric treatment would affect the ALJ's assessment of plaintiff's mental health and credibility. Despite references to plaintiff's history with mental health issues and Dr. Orrok's apparent treatment of plaintiff, the record did not contain a single record from any psychiatrist or psychologist, other than the consultative examiner's report. Moreover, the ALJ faulted plaintiff's credibility in part because his allegations of OCD were unsubstantiated. Specifically, the ALJ found plaintiff to be "partially credible" and stated:

> Although the undersigned gives weight to the claimant's allegations of low back pain (thus the RFC assessed herein), the claimant's allegations of OCD are unsubstantiated by the medical evidence of record. The claimant has never seen a psychiatrist for treatment despite testifying that his condition has significantly affected him for many years.

Plaintiff indicated a history of psychiatric treatment. Therefore, plaintiff's testimony that his condition significantly affected him for many years should not have been found to undermine his credibility. Moreover, it can be inferred that evidence of plaintiff's treatment for OCD would bolster plaintiff's allegation of OCD. Therefore, plaintiff was prejudiced by the ALJ's failure to develop the record.

Finally, defendant contends that "Judge Fitzsimmons' [Recommended Ruling] allows a Social Security claimant who is represented by counsel to obtain remand by merely speculating that additional evidence might have existed from a source from which the SSA has already contacted, even where the ALJ already possesses a medical history adequate to determine whether that claimant is disabled." The problem with this contention is that (1) it presupposes that the record before the ALJ was adequate without knowing the import of the unrevealed medical evidence, and (2) it neglects the fact that the claimant in this case indicated the existence of additional evidence of

treatment *before* the ALJ made her final decision.  This is not a case like Drake v. Astrue where nothing in the record suggested that the ALJ should have known that the claimant's medical record was incomplete.  See 443 Fed. Appx. at 656.  In other words, Judge Fitzsimmons' ruling does not open the remand flood-gates to any plaintiff who points to additional evidence for the first time *after* receiving an ALJ's final decision.

## CONCLUSION

For the foregoing reasons, defendant's motion for amendment of judgment [Doc. # 19] is DENIED.

Dated this 23rd day of June, at Bridgeport, Connecticut.

        /s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE